

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

> Opinion No. C-1881
> Re: Can a city duly incorporated under
> the laws of this State pass a valid
> ordinance making it an offense to
> drive an automobile within the cor-
> porate limits of the city while
> under the influence of intoxicating
> beverages, providing penalty therefor,
> and placing jurisdiction of the trial
> of such cases in corporation court?

Your request for an opinion upon the above stated question has been received and carefully considered by this Department.

Article 62, Code of Criminal Procedure of Texas, reads as follows:

"The corporation court in each incorporated city, town or village of this State shall have jurisdiction within the corporate limits in all criminal cases arising under the ordinances of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within such corporate limits."

Article 802, Penal Code of Texas, reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500)."

Article 11, Section 4, Texas Constitution, provides, among other things, that cities and towns having a population of five thousand or less may be chartered alone by general law.

Article 1145, Revised Civil Statutes of Texas, applicable to cities incorporated under the General Laws of Texas, reads as follows:

"The mayor shall be the president of the board of aldermen and shall, with three of the aldermen, constitute a quorum for the transaction of business; and the quorum shall have power to enact such by-laws and ordinances not inconsistent with the laws and constitution of this State as shall be deemed proper for the government of the corporation."

Section 5, Article 1146, Revised Civil Statutes of Texas, applicable to cities incorporated under the General laws of Texas, prescribing the powers of aldermen, reads as follows:

"Have power to prescribe the fine to be imposed by the mayor for the violation of any by-laws or ordinance, which shall in no case exceed one hundred dollars; but no fine shall be imposed except upon the verdict of a jury, should the defendant demand a trial by jury."

Article 11, Section 5, Texas Constitution, provides among other things that cities having more than five thousand inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and provides that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of the State.

Article 1165, Revised Civil Statutes of Texas, applicable to Home Rule Cities, provides among other things, that no charter or any ordinances passed under said charter shall contain any provision inconsistent with the Constitution or General Laws of this State.

Texas Jurisprudence, Vol. 30, Municipal Corporations, 0167, Pages 301-2, reads, in part, as follows:

"Ordinances which are in conflict with the Constitution or the state law are void. This is true of ordinances enacted by municipalities which operate under the general law or which have special charters, — and also of ordinances enacted by home rule cities, the express provision of the Constitution and the statute being that no ordinance passed under a home rule charter shall contain any provision inconsistent with the Constitution or general laws of the State. . . ."

Texas Jurisprudence, Vol. 30, Municipal Corporations, Section 168, Pages 304-5, reads, in part, as follows:

"An ordinance may make an act an offense against the municipality though it is also an offense against the state law, and an ordinance denouncing the same offense may be admissible in a prosecution for violating a state law. But, if the State denounces an offense and fixes a punishment for it, an ordinance denouncing the same offense must be the same as the state law both as to definition and punishment.

"As a rule, an ordinance is void which makes that an offense which is permissible under the state law, or which permits that which is made an offense by the Penal Code; and the same is true of an ordinance which regulates the same thing and defines substantially the same offense as a state statute, but prescribes a greater or less or different penalty than that prescribed by the statute. . ."

In the case of City of Wink Vs. Griffith Amusement Company, 100 S. W. (2d) 695 (Supreme Court of Texas), a city ordinance of the City of Wink providing a fine of $100. for operation of prize drawing by lot of money or other thing of value at place of amusement and making each day's violation a separate offense was held void for conflict with statutory penalty of fine of $100. to $1000. for conduct of "lottery."

The city may not declare an offense and fix a penalty where the State has already denounced the same thing as an offense and fixed a higher penalty therefor than the city can

impose. Xydias Amusement Company v. City of Houston (Civ.
App.) 185 S. W. 415, error refused. Also see the case of
Ex Parte Farley, 144 S. W. 530, and Ex Parte Jonischkies,
244 S. W. 997.

An ordinance regulating operation of vehicles at
intersections, and providing different penalty from that
prescribed in statute was held invalid. See El Paso Electric
Company Vs. Collins, 23 S. W. (2d) 295 (Com. App.) 25 S. W.
(2d) 807. (Com. App.)

You are respectfully advised that it is the opinion
of this Department that your question should be answered in
the negative and it is so answered.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:RM

APPROVED FEB 19, 1940

ATTORNEY GENERAL OF TEXAS